UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ANTONIO S. MAGEE,

        Plaintiff,        CIV S-05-0463 FCD PAN PS

    v.

UNITED STATES OF AMERICA,      FINDINGS AND RECOMMENDATION

        Defendant.

—oOo—

    On March 8, 2004, this action was removed from the San Joaquin County Superior Court, Small Claims Division, pursuant to 28 U.S.C. §§ 1441, 1442, 1446(a) and 2679(d).  The underlying action (Case No. TS06310), filed February 9, 2005, seeks $5,000 from named defendant Mary Wilson for "False, malicious statements.  Defamation of character, slander, with intent to damage reputation, authority, official standing and position."

    Wilson is an employee of the United States Defense Logistics Agency, asserts she was acting within the scope of her

employment during the alleged incidents and that the United States is therefore the proper defendant in this action. The United States, as the proper defendant, seeks to dismiss the action.

Plaintiff has filed neither an opposition nor statement of nonopposition to the motion as required by E. D. Cal. L. R. 78-230(c), which this court construes as acquiescence to the motion, E. D. Cal. L. R. 78-230(c), 11-110, and 83-183. Dismissal is also warranted on the merits.

Absent a waiver, sovereign immunity shields the federal government and its agencies from suit. <u>F.D.I.C. v. Meyer</u>, 510 U.S. 471, 475 (1994). Sovereign immunity is jurisdictional; the United States may not be sued without its consent, which is a prerequisite for jurisdiction. <u>Id</u>.

The Federal Tort Claims Act ("FTCA") waives the sovereign immunity of the United States for certain torts committed by federal employees and confers exclusive jurisdiction over such claims upon the federal district courts. This remedy is the exclusive remedy for injury or loss of property or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment. 28 U.S.C. § 2679(b).

The court finds that Mary Wilson was acting within the scope of her office or employment in committing or omitting the acts complained of herein. <u>See</u> Certification of Scope of Federal

Employment duly made by Edmund F. Brennan, Chief of Defensive Civil Litigation, Civil Division, Office of the U.S. States Attorney, Eastern District of California, pursuant to 28 U.S.C. 2679(d).

Claims under the F.T.C.A. are not cognizable in federal district court "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail."  28 U.S.C. § 2675.  Defendant avers plaintiff filed no administrative claim and plaintiff does not dispute it.  Even had plaintiff filed an administrative claim, this action would be barred because the waiver of sovereign immunity provided by the FTCA does not extend to claims arising out of libel and slander.  28 U.S.C. § 2680(h).

Accordingly, I recommend that defendant's motion to dismiss be granted.

These findings and recommendation are submitted to the Honorable Frank C. Damrell, Jr., the United States District Judge assigned to this case.  28 U.S.C. § 636(b)(l).  Written objections may be filed within ten days after being served with these findings and recommendations.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The failure to file objections within the specified time may waive the right to appeal the District Court's

////

////

order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 20, 2005.

                                    <u>/s/ Peter A. Nowinski</u>
                                    PETER A. NOWINSKI
                                    Magistrate Judge